## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

SHIRLEY GARNER                                                                          PLAINTIFF

v.                                       NO. 2:05CV00254 JLH

TOBACCO SUPERSTORES, INC.; and
LARRY COBB, Retail Operations Supervisor                                    DEFENDANTS

## OPINION AND ORDER

Shirley Garner brought this action against her former employer, Tobacco Superstores, and

its retail operations supervisor, Larry Cobb, alleging that they discriminated against her based on her

disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*,

when she was terminated from her job. Jurisdiction is based on 28 U.S.C. § 1331. The defendants

have moved for summary judgment. For the following reasons, that motion is granted.

## I.

A court should enter summary judgment when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). A

genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the

nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary

judgment, the Court views the facts in the light most favorable to the nonmoving party and draws

all inferences in his favor, mindful that summary judgment seldom should be granted in

discrimination cases where claims are often based on inferences. *Peterson v. Scott County*, 406 F.3d

515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000)

(collecting cases).  *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## II.

On September 27, 2003, Ann King, the store manager, hired Shirley Garner as a cashier at the Tobacco Superstore in Helena, Arkansas.  At that time, King described the duties of the job as working the cash register, sweeping, vacuuming, cleaning the bathroom, unloading the truck, and organizing the shelves.  Garner told King she could not take the job because of her medical issues, which include problems with her feet, shoulder pain, back pain, chest pain, high blood pressure, stomach and heart problems, diabetes, obesity, and depression.  Because another employee was unavailable due to an injury and King needed someone to fill in, she hired Garner.  Shortly thereafter, the injured employee returned to work.  While Garner maintains that she was hired as a full time employee, she never worked a 40-hour week, and her hours were cut when the injured employee returned.  Garner was employed by Tobacco Superstores from September 27, 2003 until February 2004, but she worked only five weeks during that period.  Garner could not sweep the floor, one of the tasks assigned to cashier; she has not swept a floor since 1996 because of her back.  Garner also never unloaded the truck, another function of a cashier.

In January 2004, Garner was in a car accident for which she sought medical treatment.  While she was scheduled to work during four days after the accident, she only worked one hour of one of those days.  Garner requested the rest of the week off because of her medication.  Tobacco Superstores states that it does not have a leave policy for its employees, which Garner disputes. After working one hour during the four days following the accident, Garner never returned to work at the store.  Garner does not dispute that absenteeism could be grounds for terminating employment.

2

At some point after her accident, Garner contacted Tobacco Superstores to obtain information for her insurance company. Tobacco Superstores contends that she asked Larry Cobb to report inflated hours to the insurance company, but Garner denies this and does not recall speaking to Larry Cobb about it. Once Cobb looked into Garner's work schedule, Tobacco Superstores asserts, he made the decision to terminate her because she had been absent several times following the car accident and had only been working a few hours a week even before the accident. He stated that she was simply an extra employee. Garner was terminated sometime around February 24, 2004, although she asserts that she did not learn she had been discharged until March 17, 2004. On July 19, 2004, Garner filed a charge of discrimination against Tobacco Superstores with the Equal Employment Opportunity Commission (EEOC). On March 18, 2005, the EEOC determined that there was reasonable cause to believe that Tobacco Superstores violated the ADA.

Before applying for a job with Tobacco Superstores, Garner filed an application for Social Security Disability Insurance benefits on July 31, 2003. In that application, she claimed that she had been disabled since August 29, 2002. The Social Security Administration initially denied her benefits, but she appealed that decision and was awarded benefits after a hearing on September 14, 2005. Since then, Garner has not been employed and receives disability and social security benefits.

### III.

Garner alleges that Tobacco Superstores and Larry Cobb discriminated against her based on her disability in violation of 42 U.S.C. § 12112. The ADA forbids employers from discriminating against an otherwise qualified employee with a disability because of that disability. 42 U.S.C. § 12112(a). Larry Cobb asserts that he should be dismissed as an individual defendant because he was Garner's supervisor. Garner has not opposed this argument in her response to the summary

judgment motion.  Supervisors do not meet the definition of "employer" under the ADA and therefore cannot be held liable in their individual capacities.  *See Lenhardt v. Basic Institute of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995); *see also Morrow v. City of Jacksonville*, 941 F. Supp. 816, 819-20 (E.D. Ark. 1996).  As a matter of law, Garner cannot maintain a claim under the ADA against Larry Cobb.

## IV.

To make a prima facie case of discrimination under the ADA, Garner must show that she is (1) disabled within the meaning of the ADA; (2) qualified, with or without reasonable accommodation, to perform the essential functions of the job at issue; and (3) has suffered an adverse employment decision because of her disability.  *Treanor v. MCI Telecomm. Corp.*, 200 F.3d 570, 574 (8th Cir. 2000).  If Garner were to establish a prima facie case, the burden would shift to Tobacco Superstores to show a legitimate, nondiscriminatory reason for its actions.  *Rehrs v. Iams Co.*, 486 F.3d 353, 356 (8th Cir. 2007).  If Tobacco Superstores were to provide such a reason, the burden would return to Garner to show that the justification is a pretext.  *Id.*

It is undisputed that Garner is disabled within the meaning of the ADA.  However, Tobacco Superstores argues that since Garner applied for and received Social Security Disability Insurance benefits and in that context claimed that she has been unable to work since August 2002, she should be estopped in this action from claiming that she was a "qualified individual with a disability" under the ADA.  An individual's "'pursuit, and receipt, of SSDI benefits does not automatically estop the recipient from pursuing an ADA claim.'"  *Voeltz v. Arctic Cat, Inc.*, 406 F.3d 1047, 1050 (8th Cir. 2005) (quoting *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 797, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999)).  Likewise, a person who is receiving such benefits is not prohibited from

bringing an ADA claim. *Id.* However, to defeat a motion for summary judgment on an ADA claim while disabled and receiving disability benefits, a plaintiff must "proffer a sufficient explanation" for the "apparent contradiction." *Cleveland*, 526 U.S. at 806, 119 S. Ct. at 1603. It is undisputed that Garner applied for and ultimately received disability benefits from the Social Security Administration and that the administrative law judge in that proceeding determined she was "unable to work" and had been since August 29, 2002. To survive this motion for summary judgment, Garner must provide an explanation that is "sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" *Id.* at 807, 119 S. Ct. at 1604.

In *Lloyd v. Hardin County*, 207 F.3d 1080 (8th Cir. 2000), the Eighth Circuit held that an employee's explanation in this context was insufficient because it "would necessarily entail reallocating one or more of the essential functions" of the employee's job which he could not "perform with or without reasonable accommodation." *Lloyd*, 207 F.3d at 1084. Under the ADA, an employer is not required to reallocate the essential functions of an employee's job which the employee cannot perform with or without reasonable accommodation. *Id.* It is undisputed that the essential functions of a cashier at Tobacco Superstores include working the cash register, sweeping, vacuuming, cleaning the bathroom, unloading the truck, and organizing the shelves. While she was employed at Tobacco Superstores, Garner never swept, unloaded the truck, or cleaned the bathroom. Other cashiers completed the tasks that Garner was unable to do. Garner offers no evidence to show that she can perform these essential functions of a cashier, with or without accommodation. She admitted in her deposition that she feels she has been unable to work since 1992.

Garner asserts that she did the job according to the accommodations King allowed for her and was thus able to "perform the essential functions of her job with or without reasonable accommodation." *Voeltz*, 406 F.3d at 1051.  When an employer temporarily accommodates an employee by not requiring the employee to do all of the functions of the assigned position, the employer does not concede that those job functions are "non-essential" and also does not "acknowledge that the burden associated with a permanent accommodation would not be unduly onerous." *Rehrs*, 486 F.3d at 358; *see also Phelps v. Optima Health, Inc.*, 251 F.3d 21, 25-26 (1st Cir. 2001).  "'To find otherwise would unacceptably punish employers from doing more than the ADA requires, and might discourage such an undertaking on the part of employers.'" *Rehrs*, 486 F.3d at 358 (quoting *Phelps*, 251 F.3d at 26).  It is undisputed that Garner cannot perform several of the functions of a cashier at Tobacco Superstores with or without reasonable accommodation. Garner has not met her burden to explain the inconsistency between her prior allegation of total disability in her application for SSDI benefits and her claim in this action that she is a qualified individual within the meaning of the ADA.  Therefore, she is unable to establish a prima facie case of discrimination.  Tobacco Superstores is entitled to summary judgment.

Even if Garner were able to make a prima facie case of discrimination under the ADA, the burden would shift to Tobacco Superstores to show a legitimate, non-discriminatory reason for her termination.  *Rehrs*, 486 F.3d at 356.  Tobacco Superstores has offered two legitimate, non-discriminatory reasons for her termination: that Garner had been absent from work and that she was simply an extra employee.  Given a legitimate, non-discriminatory reason for the action, the burden shifts back to Garner to show the reason is pretextual.  *Id.*  Aside from her own assertions that she heard from another employee and Ann King that she was fired because of her disability, Garner

offers no evidence to show that Tobacco Superstores' reason is pretextual. Generic statements made in deposition testimony "'are insufficient to withstand a properly-supported motion for summary judgment.'" *Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 909 (8th Cir. 1999) (quoting *Helfter v. United Parcel Serv., Inc.*, 115 F.3d 613, 616 (8th Cir. 1997)). Moreover, Garner agreed in her deposition that absenteeism may be grounds for an employee's termination.

In her response to the motion for summary judgment, Garner raises an issue about the job application used by Tobacco Superstores when she was hired. She alleges that a question included in the application violates the ADA, citing a reasonable cause determination issued by the EEOC. The court has reviewed the application, which appears to be a generic form application. While the application includes the question "Were you ever seriously injured?," the application indicates that the question is not to be answered unless the box in front of it is checked, which it is not in her application. A determination by the EEOC basically offers a summary of parts of the evidence that both parties have presented and would not necessarily be admissible at trial. *See Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984). The EEOC determination alone would not be sufficient to provide evidence that Tobacco Superstores discriminated in its job application, *Price v. Yellow Transportation, Inc.*, No. 03-1122-CV-W-FJG, 2005 WL 1000075, *3 (W.D. Mo. Apr. 22, 2005), nor does Garner's job application itself support such a claim. Furthermore, Garner's charge regarding discrimination on the job application was not timely made since she applied for the job on September 27, 2003, and did not file a charge until July 19, 2004, well after the required 180 days after the alleged employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 (8th Cir. 1998).

7

**CONCLUSION**

Larry Cobb is not an employer under the ADA, so he is entitled to summary judgment on all claims against him.  Because Garner is unable to show that she is a qualified individual with a disability under the ADA, she cannot establish a prima facie case of discrimination based on her disability.  There is no genuine issue of material fact.  Tobacco Superstores is entitled to judgment as a matter of law.  Judgment will be entered separately.

IT IS SO ORDERED this 23d day of January, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE